People of the State of Illinois ex rel. v. The City of Chicago, Carter H. Harrison, as Mayor, Joseph Kipley, as Superintendent of Police, John W. Ela, Robert Lindblom and John W. Ludwig, as Civil Service Commissioners.

1. CIVIL SERVICE ACT—*Has No Application to Holdovers.*—The provisions of the civil service act have no application to holdovers, but only to such persons as have been appointed after an examination held in accordance with the provisions of the act and with the rules of the commission.

The People v. City of Chicago.

Mandamus.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding.    Heard in the Branch Appellate Court at the October term, 1901.    Affirmed.    Opinion filed November 28, 1902.

August 7, 1900, Myron L. Kisselberg filed in the Circuit Court his petition, setting forth that July 1, 1895, he was of lawful age, a qualified ·elector of the city of Chicago and a desk sergeant or sergeant in the police department in said city, such place held by him being one of the offices and places classified by the civil service commissioners of Chicago; that he continued to act as such sergeant until July 1, 1895, and was paid for his services by the city comptroller upon the certificate of said civil service commissioners; that July 1, 1897, Joseph Kipley, chief of police, without authority of law, without cause or written charge or hearing, reduced petitioner from sergeant to patrolman against his will, and without his consent; and that October 9, 1897, the said Joseph Kipley, superintendent of police, without authority of law, against the will of petitioner, without cause, without written charges and without opportunity to be heard before commissioners, discharged petitioner from the police department and removed his name from the payroll; that March 3, 1897, when petitioner was sergeant, he took the civil service promotional examination for promotion from sergeant to lieutenant, and that he passed at such examination more than the necessary seventy-five per cent, and higher than any other member taking such examination; that when his name was certified on the pay-roll by the civil service commissioners and by the comptroller to the city treasurer, he was a city employe under the civil service act and that the city and its officers were estopped from afterward denying the same; that, by the wrongful act of Kipley in excluding petitioner's name from the payroll, he has not been paid his salary since October 26, 1897; that said salary was $1,200 per annum.

Petitioner further alleges that since he was deprived of his office, no person has been appointed to fill the same; that he has demanded that his name be restored to the pay-

roll as sergeant, which Kipley, superintendent of police, refuses to do; that he has demanded of the board of civil service commissioners restoration to the office of sergeant and his name to the pay-roll; that they have ruled that the petitioner has no rights before the board. He therefore prayed for a writ of mandamus to restore his name to the classified civil service as sergeant of police.

The court refused to award the peremptory writ asked for.

F. S. BAIRD, attorney for appellant.

CHARLES M. WALKER, corporation counsel, and COLIN C. H. FYFFE, assistant corporation counsel, attorneys for appellees.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

Petitioner is one of those, who, holding at the time the civil service law went into operation in this city, one of the offices coming under the terms of said law, and his name for a time having been certified by the civil service commissioners to the comptroller and by him to the city treasurer, and he for a while paid his salary as such officer, insists that thereby he became an officer, who, under the terms of the civil service law, could not be removed without charges and a hearing, in accordance with the civil service act.

The claim made by appellant has been recently before this court in the case of McNeill v. City of Chicago, 93 Ill. App. 124, and in an opinion therein delivered by Mr. Justice Windes, it was held that the civil service law did not affect the tenure of office or the power of removal of persons situated as was appellant.

The judgment of the Circuit Court is therefore affirmed.